OPINION
{¶ 1} On November 24, 2001, Shawn Talkington suffered fatal injuries in an automobile accident caused by the negligence of another. At the time of the accident, Shawn's mother, appellee, Lisa Talkington, was employed by Alfred Nickels Bakery, Inc., and was a member of the Bakery, Confectionary, Tobacco Workers and Grain Millers International Union Local No. 19, insured under a business auto policy issued by appellant, Cincinnati Insurance Company.
 {¶ 2} On November 21, 2002, appellee, individually and as executor of her son's estate, and other family members, filed a complaint for underinsured motorist coverage against Cincinnati. All parties filed motions for summary judgment. By judgment entry filed March 12, 2003, the trial court found appellee individually to be an insured and therefore entitled to coverage. The trial court found Shawn was not an insured as he was living with his grandmother at the time of the accident, and denied coverage for the other family members.
 {¶ 3} Cincinnati filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred as a matter of law in granting summary judgment in favor of appellee and in failing to grant cincinnati's motion for summary judgment, where Lisa Talkington was not a `named insured' under the terms of the Cincinnati policy."
 I {¶ 5} Cincinnati claims the trial court erred in finding coverage to appellee individually as a union member.
 {¶ 6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 9} The business auto policy issued to the union contained express uninsured/underinsured motorists coverage. The trial court found said coverage provisions were ambiguous in defining an "insured" and therefore coverage existed pursuant to Scott-Pontzer v. Liberty MutualFire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292. In finding the "you" to be ambiguous, the Scott-Pontzer court reasoned the following at 664:
 {¶ 10} "It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees."
 {¶ 11} The uninsured/underinsured motorists provisions in the policy sub judice define an "insured" as follows:
 {¶ 12} "1. You are an `insured'. However, if you are not a natural person, you are an `insured' only for purposes of selecting limits of Uninsured Motorists Coverage or executing a rejection of Uninsured Motorists Coverage.
 {¶ 13} "2. `Family members' of natural persons shown as Named Insureds in the Declarations of this Coverage Form.
 {¶ 14} "3. Employees of the Named Insured, but only for injuries arising out of and incurred while in the course and scope of employment for the Named Insured shown in the Declarations of this Coverage Form.
 {¶ 15} "4. Anyone for injuries incurred while `occupying' a covered `auto' or a temporary substitute for a covered `auto'.***
 {¶ 16} "5. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'" See, Section B of the Ohio Uninsured Motorists Coverage — Bodily Injury, attached to Appellee's Brief as Exhibit A.
 {¶ 17} The "Named Insured" is "Bakery, Confectionary, Tobacco Workers and Grain Millers International Union Local #19."
 {¶ 18} Cincinnati argues appellee was not an employee of the union, but a member, and coverage does not extend to members. Appellee argues union members are analogous to corporate employees and are therefore insureds under the theory of Scott-Pontzer.
 {¶ 19} I agree with Cincinnati's argument for the following reasons. The preamble to the uninsured/underinsured motorists coverage specifically defines "you" and "your" as follows:
 {¶ 20} "Throughout this Coverage Part `you' and `your' refer to the organization and any specifically named natural persons shown as the Named Insured on this Coverage Part. `You' and `your' do not refer to any other persons or organizations, including but not limited to agents, employees, servants, members, shareholders or independent contractors of any person or organization shown as the Named Insured on this Coverage Part."
 {¶ 21} As cited supra, the definition of "Who is an Insured" is also specific. It qualifies "you" to exclude the Scott-Pontzer analysis. It does not create the Scott-Pontzer ambiguity because living beings are covered in the definition of "you" as employees. Therefore, the policy was clearly written for union employees and not union members. This conclusion is consistent with our brethren from the Sixth District. See,Galusha v. Pass, Lucas App. No. L-20-1134, 2003 Ohio 1036; See, also,Pugh v. Erie Insurance Exchange, Stark App. No. 2002CA00134,2002-Ohio-5929.
 {¶ 22} Philosophically, at first blush, appellee's argument appears to be a natural extension of the Scott-Pontzer rationale however, the decision in Scott-Pontzer was rooted in a quest for a live body that could suffer injury. The policy sub judice has live bodies that can suffer injuries, the employees. To extend the search to the entire union membership is one step beyond the pale. The issues sub judice are based upon a contract and an insurable risk. Terms of a contract must be read in pari materia. To do anything else would be illogical.
 {¶ 23} Upon review, I find the trial court erred in granting coverage to appellee individually.
 {¶ 24} I would grant the sole assignment of error.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, J., Hoffman, P.J. and Boggins, J. concur separately.